48 So.2d 908

## STATE v. PEARSON.
### No. 39954.
Nov. 6, 1950.

Harvey G. Fields, Farmerville, for appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Ragan D. Madden, Dist. Atty., Ruston, for appellee.

PONDER, Justice.

The defendant was charged with "unlawfully keeping for sale for beverage purposes intoxicating liquors, where the sale of intoxicating liquors is prohibited by Union Parish Police Jury Ordinance." On trial he was convicted and sentenced by the lower court to serve a term of six months in jail and pay a fine of $300.00 and costs, in default of payment of fine and costs to serve an additional four months in jail. He has appealed.

We are presented on this appeal with three bills of exceptions. Bill of exception No. 1 is based on the ground that the evidence as a whole shows an absence of guilt. It does not appear that this appeal has been seriously urged because no brief was filed and no appearance was made by counsel for the defendant at the argument. The trial court in its per curiam points out the circumstances, the adroit concealment of the whiskey which was contained in half pint bottles and the failure of the defendant to disclose the possession of the whiskey. He also points out the defendant admitted on cross-examination that he had previously been convicted of trafficking in intoxicating liquors in that parish. The whiskey was hidden in secret compartments of the living quarters and the attic of his house. The record contains evidence of guilt. This court will not pass on the sufficiency of the evidence.

In bill of exception No. 2 it is urged that the police jury ordinance is null, void and unconstitutional because it was not signed at the time of its passage by the president and secretary of the police jury. This question is identical to the one pre-

sented in the case of State v. Thurston, 210 La. 797, 28 So.2d 274, wherein this Court stated that the failure of the president to sign the ordinance did not effect its validity.

Bill of exception No. 3 was reserved to the overruling of a motion for a new trial based on the grounds that the verdict is contrary to law and evidence and the grounds set forth in bill of exceptions No. 2 and 3. An allegation that a verdict is contrary to law and evidence presents nothing for review. We have passed on the other questions raised in the motion.

For the reasons assigned, the conviction and sentence are affirmed.

HAWTHORNE, J., concurs in the decree.